**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARBARA P. GLANDER, | CIVIL ACTION NO. 11-1585 (MLC) |
| Plaintiff, | **O P I N I O N** |
| v. | |
| EYYA REALTY, et al., | |
| Defendants. | |

**THE PLAINTIFF**, who is pro se, brings this action ("Federal Action") concerning the alleged violation of her constitutional rights in a dispute over a mortgage on her property ("Mortgaged Property"), on which a sheriff's sale is imminent. (See dkt. entry no. 1, Compl.) From the voluminous papers filed by the plaintiff, the Court is able to discern that (1) a foreclosure action concerning the Mortgaged Property was instituted in New Jersey Superior Court ("State Foreclosure Action"), and (2) a judgment was entered therein on or about July 21, 2010.[1]

**THE PLAINTIFF** is attempting to avoid an order in the State Foreclosure Action. The proper way to do so is to seek review through the state appellate process, and then seek certiorari directly to the United States Supreme Court. See D.C. Ct. of

---

[1] The Court notes that the allegations contained in the plaintiff's papers are rambling and difficult to follow, and thus violate Federal Rules of Civil Procedure 8 and 10.

Apps. v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413, 414-16 (1923).

**THE ROOKER-FELDMAN DOCTRINE** prohibits adjudication of an action where the relief requested would require a federal court to either determine whether a state court's decision is wrong or void that decision, and thus would prevent a state court from enforcing its orders. See McAllister v. Allegheny Cnty. Fam. Div., 128 Fed.Appx. 901, 902 (3d Cir. 2005). This Court cannot directly or indirectly review, negate, void, or provide relief that would invalidate a decision in the State Foreclosure Action. See Moncrief v. Chase Manhattan Mortg. Corp., 275 Fed.Appx. 149, 152-53 (3d Cir. 2008) (affirming judgment dismissing claims concerning state foreclosure action, inter alia, as barred by Rooker-Feldman doctrine because plaintiff sought redress from state court judgment); Ayres-Fountain v. E. Sav. Bank, 153 Fed.Appx. 91, 92 (3d Cir. 2005) (instructing district court to dismiss complaint concerning state foreclosure action under Rooker-Feldman doctrine); see also El Ali v. Litton Loan Serv'g, 217 Fed.Appx. 115, 116 n.1 (3d Cir. 2007) (dismissing appeal; noting order dismissed claims concerning foreclosure action, inter alia, as barred by Rooker-Feldman doctrine); Shih-Ling Chen v. Rochford, 145 Fed.Appx. 723, 725 (3d Cir. 2005) (same).

**THE STATE FORECLOSURE ACTION** also is ongoing, as there are indications within the plaintiff's papers that she is currently

engaged in motion practice in the State Foreclosure Action. (See dkt. entry no. 4 (containing references to a motion to dismiss).) A federal court must abstain from exercising jurisdiction, pursuant to the Younger abstention doctrine, when (1) a state court action is ongoing, (2) important state interests are implicated, and (3) there is an adequate opportunity to raise federal claims in state court. See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982); Younger v. Harris, 401 U.S. 37, 43-54 (1971). This Court cannot interfere with the ongoing State Foreclosure Action. See Gray v. Pagano, 287 Fed.Appx. 155, 157-58 (3d Cir. 2008) (dismissing complaint filed in connection with ongoing state foreclosure action, inter alia, as barred by Younger abstention); see also El Ali, 217 Fed.Appx. at 116 n.1 (dismissing appeal; noting order dismissed claims concerning ongoing state foreclosure action, inter alia, as barred by Younger abstention).[2]

**THE PLAINTIFF** e-mailed a copy of an intended application for emergent relief in the Federal Action to the Clerk's Office. The Court directed the Clerk's Office to place it on the docket. (See dkt. entry no. 4.) The Court finds that the plaintiff is unlikely to succeed on the merits, as the Court is dismissing the

---

[2] The Court notes that the Federal Action is also likely barred by the doctrines of res judicata and collateral estoppel.

Complaint.  See Fed.R.Civ.P. 65; see also L.Civ.R. 65.1 (stating no order to show cause to bring a matter for a hearing will be granted except on a clear and specific showing of good and sufficient reasons by the party seeking relief as to why a procedure other than by notice of motion is necessary).  The application for emergent relief will be denied.

    **THE COURT** will dismiss the Complaint for the aforementioned reasons.  The Court will issue an appropriate order and judgment.

                                                                      s/ Mary L. Cooper
                                             **MARY L. COOPER**
                                             United States District Judge

Dated:     April 7, 2011